J-A10015-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ADERLY DOMINGUEZ ALVAREZ | : | No. 1551 EDA 2025 |

Appeal from the Order Entered May 23, 2025
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0000218-2025

BEFORE:   STABILE, J., LANE, J., and STEVENS, P.J.E.[*]

CONCURRING MEMORANDUM BY STEVENS, P.J.E.:   **FILED JUNE 29, 2026**

As the well-reasoned Majority notes, according to the record and applicable law, the Commonwealth failed to establish a *prima facie* case against Appellee, Aderly Dominguez Alvarez, on the charge of receiving stolen property, particularly as to the guilty knowledge element. 18 Pa.C.S.A. § 3925(a). The Majority thus affirms the decision of the trial court granting Appellee's motion for *habeas corpus,* quashing count one. I am constrained to concur in that result.

It should be noted according to the record and docket sheets there is no indication the Commonwealth brought charges against Appellee's employer, Jairo Rosado. Thus, despite that Rosado was unable to supply the title for the

_____

[*] Former Justice specially assigned to the Superior Court.

vehicle, facilitated the alleged sale of the vehicle, claimed to have purchased the stolen vehicle, assigned Appellee to transport the vehicle to Pennsylvania, and gave contradicting stories to the police and to Appellee regarding the reason for the transfer, Appellee was charged, Rosado was not.